IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LOUIS E. JOHNSTON, JR.        )
                              )
v.                            ) NO. 3-15-0859
                              ) JUDGE CAMPBELL
NEWSCHANNEL 5 NETWORK,        )
LLC, et al.                   )

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss for Improper Service and Failure to State a Claim (Docket No. 7). For the reasons stated herein, Defendants' Motion is GRANTED, and this action is DISMISSED.

This action was brought by Plaintiff Johnston, *pro se*, alleging violation of his civil rights by Defendants, including violation of the First Amendment, and also alleging defamation by Defendants of the Plaintiff.

Plaintiff maintains that he and Defendants had a contract whereby Defendants would broadcast Plaintiff's television programs, beginning on August 10, 2014. Plaintiff alleges that Defendants notified him, on August 7, 2014, that they had made a decision not to broadcast Plaintiff's programs in order to avoid divisive topics within their paid programming. Plaintiff claims that this decision by Defendants violates Plaintiff's First Amendment rights and defames him. His Complaint alleges two claims: violation of civil rights and defamation.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

ANALYSIS

Defendants first argue that Plaintiff's Complaint should be dismissed for insufficiency of process and insufficient service of process. In this case, there is no evidence that a Summons was ever issued, much less properly served upon Defendants. The Complaint states that it was emailed to Defendants, but email is not one of the authorized methods of service under Federal Rules of Civil Procedure 4.[1] Accordingly, process has not been issued and service has not be properly made. Plaintiff's Complaint should be dismissed, without prejudice, for these reasons.

In addition, Plaintiff's Complaint fails to state a claim for violation of civil rights because Defendants are not state actors. In order to state a claim for violation of constitutional rights pursuant to 42 U.S.C. § 1983, a plaintiff must show that: (1) he was deprived of a right secured by the United States Constitution or laws; and (2) the deprivation was caused by a person acting under color of state law. *Spurlock v. Whitley*, 971 F.Supp. 1166, 1175 (M.D. Tenn. 1997).

---

[1] Plaintiff argues that electronic submission is standard practice by attorneys in federal courts, but electronic filing is not the same as service of process, which must be made in compliance with Fed. R. Civ. P. 4.

Plaintiff's Complaint does not even allege that Defendants were acting under color of state law. Purely private conduct by private individuals or corporations is not actionable under 42 U.S.C. § 1983. *Scarborough v. Brown Group, Inc.*, 935 F.Supp. 954, 961 (W.D. Tenn. 1995). Defendants in this action are private individuals and private companies, and they were not acting for the State in their dealings with Plaintiff. Therefore, they cannot be liable for violation of Plaintiff's First Amendment rights. Accordingly, even if process had issued and Defendants had been properly served, Plaintiff's civil rights claims should be dismissed with prejudice.

Plaintiff's defamation claim also fails to state a claim.[2] A claim for defamation requires a false and defamatory statement to be published about the Plaintiff. *Service Jewelry Repair, Inc. v. Cumulus Broadcasting, LLC*, 2015 WL 7112334 at * 9 (M.D. Tenn. Nov. 13, 2015) (citing *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 597 (Tenn. 1999)). Plaintiff's Complaint fails to allege any published statement about Plaintiff, false or otherwise, defamatory or otherwise. Accordingly, Plaintiff has failed to allege the elements necessary to prove a claim of defamation, and his claim for defamation should be dismissed with prejudice.

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss (Docket No. 7) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff cites a definition of "defamation" from the federal statute on foreign judgments. 28 U.S.C. § 4101. Defamation is a state law action, so Tennessee law applies.